1  Gregg A. Rapoport (SBN 136941)
   Law Offices of Gregg A. Rapoport, APLC
2  135 West Green Street, Suite 100
   Pasadena, California  91105
3  Tel.  626-585-0155; Fax  626-585-0355
   gar@garlaw.us
4
   Constance R. Lindman (*pro hac vice* application pending)
5  SmithAmundsen LLC
   201 North Illinois Street
6  South Tower, 16th Floor
   Indianapolis, Indiana 46204
7  Tel.  317-927-3602; Fax 312-997-1872
   CLindman@salawus.com
8
   Attorney for Plaintiffs
9  SPICY BEER MIX, INC., GREGORY
   MURKIJANIAN, SR., and
10 PREMIER FOODS, LLC

11

12                 **UNITED STATES DISTRICT COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14 SPICY BEER MIX, INC. a California        Case No.
   corporation, GREGORY
15 MURKIJANIAN, SR., an individual, and
   PREMIER FOODS, LLC,
16                                          **COMPLAINT FOR:**
                               Plaintiffs,
17                                          **(1) DECLARATORY JUDGMENT
        vs.                                     FOR PATENT INVALIDITY**
18
   NEW CASTLE BEVERAGE, INC., a            **(2) DECLARATORY JUDGMENT
19 California corporation, and RICKY D.         FOR INEQUITABLE
   MONUGIAN, an individual,                     CONDUCT;**
20
                               Defendants.  **(3) VIOLATION OF THE UNFAIR
21                                              COMPETITION LAW; AND**

22                                          **(4) DECLARATORY JUDGMENT
                                                RE TRADE SECRETS
23                                              MISAPPROPRIATION**

24      Plaintiffs Spicy Beer Mix, Inc. ("SBMI"), Gregory Murkijanian, Sr.

25 ("Murkijanian"), and Premier Foods, LLC ("Premier") aver the following for their

26 claims against Defendants Ricky D. Monugian ("Monugian") and New Castle

27 Beverage, Inc. ("NCBI"):

28

                                  -1-
                              COMPLAINT

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction over certain of these claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367; in that, certain claims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., and supplemental jurisdiction exists because other claims are so related to claims as to which the District Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, as alleged below.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); in that Defendant Monugian resides in this district and Defendant NCBI has its principal place of business within this district.

**THE PARTIES**

3.      Plaintiff SBMI is a California corporation with its principal place of business in the City of Whittier, California.

4.      Plaintiff Murkijanian is an individual with his residence in the City of Whittier, California.

5.      Plaintiff Premier is a California limited liability company with its principal place of business in the City of Santa Fe Springs, California.

6.      On information and belief, Defendant Monugian is an individual residing in the State of California.

7.      On information and belief, Defendant NCBI is a California corporation with its principal place of business at 1115 Centre Drive, City of Industry, California 91789.

8.      Monugian is the named "inventor" of U.S. Patent Nos. D652,681 (the "'681 Patent") and D682,035 (the "'035 Patent").  True and correct copies of these patents are attached hereto.

9.      On information and belief, Monugian asserts that he is the licensor of the '681 Patent and that NCBI is the exclusive licensee of the '681 Patent.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment For Patent Invalidity)**

10.     Plaintiffs incorporate the averments set forth in the preceding paragraphs as though set forth fully in this paragraph.

11.     On information and belief, Monugian filed the original application for the '681 Patent on October 6, 2010, and filed the original application for the'035 Patent on November 10, 2011.

12.     On information and belief, products bearing the trademarks ANTRO'S MIX, MICHELADAS ANTRO'S MIX and MICHELADAS ANTRO'S MIX HOT (collectively, the "ANTRO'S MIX Products") were in public use, on sale, or otherwise available to the public before the effective filing date of the claimed inventions, and at least as early as July 1, 2009.

13.     The ANTRO'S MIX Products are substantially the same as the inventions claimed in the '681 Patent and the'035 Patent to the ordinary observer.

14.     On information and belief, the product shown in the video "HOW to make a 'MIchelada' Mexican Beer Drink" at http://www.youtube.com/watch?v=vrPSHxD89CU (the "Michelada Video Product") was in public use, on sale, or otherwise available to the public before the effective filing date of the claimed inventions, and at least as early as February 25, 2007.

15.     The Michelada Video Product is substantially the same as the inventions claimed in the '681 Patent and the'035 Patent to the ordinary observer.

16.     On information and belief, Monugian was aware that the ANTRO'S MIX Products, the Michelada Video Product, or other similar products were in public use, on sale, or otherwise available to the public before the effective filing date of the claimed inventions during the prosecution of the '681 Patent and the '035 Patent.

17. On information and belief, one or more cups similar to the cups shown in the '681 Patent and the '035 Patent were in public use, on sale, or otherwise available to the public in this country by Dart Container (the "Prior Art Cups") at least as early as January 12, 2006. The Prior Art Cups are substantially the same as the cup portion of the invention claimed in the '681 Patent and the '035 Patent to the ordinary observer.

18. On information and belief, one or more lids similar to the lid shown in the '681 Patent and the '035 Patent (the "Prior Art Lids") were in public use, on sale, or otherwise available to the public in this country at least as early as March 30, 2005. The Prior Art Lids are substantially the same as the lid portion of the inventions claimed in the '681 Patent and the '035 Patent to the ordinary observer.

19. On information and belief, Monugian was aware that the Prior Art Cups and the Prior Art Lids or other similar products were in public use, on sale, or otherwise available to the public in this country during the prosecution of the '681 Patent and the '035 Patent.

20. On information and belief, the '681 Patent and the '035 Patent are each invalid under the United States patent laws for one or more of the following reasons:

(a) The alleged inventions claimed in the '681 Patent and the '035 Patent were known or used by others in this country or patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the applicant for the patents, in violation of 35 U.S.C. § 102(a).

(b) The alleged inventions claimed in the '681 Patent and '035 Patent were patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country more than one year prior to the date the original applications for patents were filed in the United States, in violation of 35 U.S.C. § 102(b).

(c)    The applicant for the '681 Patent and the '035 Patent did not himself invent the inventions claimed in the patents, as required by 35 U.S.C. § 102(f).

(d)    The alleged inventions claimed in the '681 Patent and '035 Patent were made in this country by another who had not abandoned, suppressed or concealed it in violation of 35 U.S.C. § 102(g).

(e)    The differences between the alleged inventions claimed in the '681 Patent and '035 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains in violation of 35 U.S.C. § 103.

(f)    The applicant failed to disclose material prior art in violation of 37 CFR § 1.56.

(g)    The inventions claimed in the '681 Patent and '035 Patent are functional and not entitled to patent protection under 35 U.S.C. § 171.

21.    An actual and justiciable controversy, within the meaning of 28 U.S.C. § 2201, exists between Plaintiffs on the one hand and Defendants on the other hand concerning the validity of the '681 Patent and the '035 Patent; in that Defendants have previously alleged patent infringement claims in this Court against Plaintiffs (in Case No 13-CV-02055 SJO(JEMx)), dismissing those claims without prejudice only when confronted with the above-alleged grounds for invalidity, and nevertheless have continued to assert to beverage distributors and retailers in the market for spicy beverage cup products, such as those produced by SBMI, that Plaintiffs have exclusive rights to produce, advertise, and sell spicy beverage cups based upon these patents, and have thereby continued to injure Plaintiffs by hindering SBMI's ability to generate sales of its product, by damaging Plaintiffs' reputations, and by reducing Premier's production revenues.

22.     Plaintiffs are entitled to a declaratory judgment that the '681 Patent and the '035 Patent are each invalid under the United States patent laws.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment For Inequitable Conduct)

23.     Plaintiffs incorporate the averments set forth in the preceding paragraphs as though set forth fully in this paragraph.

24.     On information and belief, Monugian was aware that the ANTRO'S MIX Products, the Michelada Video Product, or other similar products were in public use and on sale in this country during the prosecution of the '681 Patent and the '035 Patent.

25.     On information and belief, Monugian was aware that the Prior Art Cups and the Prior Art Lids or other similar products were in public use and on sale in this country during the prosecution of the '681 Patent and the '035 Patent.

26.     On information and belief, the Prior Art constitutes non-cumulative material prior art relevant to the claims of the '681 Patent and the '035 Patent because they embody the inventions shown in the '681 Patent and the '035 Patent. Alternatively, the Prior Art makes the combination of elements claimed in the '681 Patent and the '035 Patent obvious to a person of ordinary skill in the art.

27.     On information and belief, Monugian was associated with the filing and prosecution of the '681 Patent application and the '035 Patent application as a result of his position as the named inventor of the invention claimed in the '681 Patent and the '035 Patent.

28.     On information and belief, Monugian did not disclose the Prior Art to the United States Patent Office during the prosecution of the '681 Patent and the '035 Patent, as required by 37 C.F.R. § 1.56.

29.     On information and belief, the '681 Patent and the '035 Patent are each unenforceable because Monugian engaged in inequitable conduct by failing to comply with his duty to disclose to the United States Patent Office all non-

cumulative material prior art of which he was aware during the prosecution of the '681 Patent and the '035 Patent.

30.     On information and belief, had Monugian disclosed the Prior Art, the United States Patent Office would have rejected the claimed inventions as obvious over the Prior Art alone or in combination.

31.     An actual and justiciable controversy, within the meaning of 28 U.S.C. § 2201, exists between Plaintiffs on the one hand and Defendants on the other hand concerning the enforceability of the '681 Patent and the '035 Patent; in that Defendants have previously alleged patent infringement claims in this Court against Plaintiffs (in Case No 13-CV-02055 SJO(JEMx)), dismissing those claims without prejudice only when confronted with the above-alleged grounds for invalidity, and nevertheless have continued to assert to beverage distributors and retailers in the market for spicy beverage cup products, such as those produced by SBMI, that Plaintiffs have exclusive rights to produce, advertise, and sell spicy beverage cups based upon these patents, and have thereby continued to injure Plaintiffs by hindering SBMI's ability to generate sales of its product and by reducing Premier's production revenues.

32.     Plaintiffs are entitled to a declaratory judgment that the '681 Patent and the '035 Patent are each unenforceable under the United States patent laws.

## THIRD CLAIM FOR RELIEF

### (Violation of the Unfair Competition Law)

33.     Plaintiffs incorporate the averments set forth in the preceding paragraphs as though set forth fully in this paragraph.

34.     Subject matter jurisdiction over this claim exists pursuant to 28 U.S.C. § 1367; in that, this Court has supplemental jurisdiction this claim because it is so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution, based upon a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

35.     On information and belief, Defendants are engaged in a campaign to drive out competition in the spicy beverage cup market by threatening to sue Plaintiffs' distributors, retailers and suppliers, as well as those of other makers of similar products, for patent infringement, citing exclusive rights under the invalid '681 Patent and/or '035 Patent, and thereby unjustifiably are interfering with competitors' actual and prospective economic relationships with their distributors, customers, and suppliers.

36.     Based on the conduct alleged above, Defendants have engaged in unfair business practices in violation of Sections 17200 et seq. of the California Business & Professions Code.

37.     Defendants' conduct, as alleged above, is unfair, illegal, immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers and to competitors in the spicy beverage cup market.

38.     Defendants' conduct should be enjoined to prevent further losses and damages at the hands of such conduct.

39.     Defendants should be made to pay Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting the action.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment Re Trade Secrets Misappropriation)

40.     Plaintiff incorporates the averments set forth in the preceding paragraphs as though set forth fully in this paragraph.

41.     Subject matter jurisdiction over this claim exists pursuant to 28 U.S.C. § 1367; in that, this Court has supplemental jurisdiction this claim because it is so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution, based upon a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

42.     On information and belief, Defendant NCBI manufactures and sells within the United States a product known as a "spicy beverage cup," which is a disposable cup containing a dry chile-powder mixed substance, some of which is affixed to the rim area of the cups.  A consumer will pour beer into the cup, creating a Mexican-style beverage commonly known as a "Michelada" drink.

43.     On information and belief, Defendants NCBI and Monugian claim exclusive rights to make, use, sell, and offer to sell NCBI's spicy beverage cup as a matter of trade secrets laws.

44.     Plaintiff SBMI manufactures and sells a "spicy beverage cup" product within the United States.

45.     On information and belief, Defendants NCBI and Monugian have asserted a claim against SBMI and others pursuant to the California Uniform Trade Secrets Act, California Civil Code sections 3426 et seq., including but not limited to within Los Angeles County Superior Court Case No. GC051058 (the "State Court Trade Secrets Action"), alleging that NCBI's spicy beverage cup product is made using the following alleged trade secrets, which are owned by Monugian and exclusively licensed to NCBI:  (1) a "process of applying a secret solution to the inner and outer surfaces adjacent the lip of a beverage cup to permit a first mixture of spices to adhere to those surfaces;" (2) an "apparatus ... that distributes the secret solution to the inner and outer surfaces adjacent the lip of a beverage cup;" and (3) a "sequence in which pre-determined quantities of the ingredients of a second mixture are blended."  (These are referred to herein as the "Alleged Trade Secrets.")

46.     On information and belief, in the State Court Trade Secrets Action, NCBI and Monugian assert, *inter alia*, that the alleged trade secret "apparatus" is

valuable and not commonly known, by virtue of its patentability, as alleged therein.

47.     On information and belief, in the State Court Trade Secrets Action, NCBI and Monugian assert that they have protected the secrecy of the Alleged Trade Secrets by "a variety of reasonable means."

48.     On information and belief, in the State Court Trade Secrets Action, NCBI and Monugian assert that Plaintiffs have misappropriated and continue to misappropriate the Alleged Trade Secrets in connection with the manufacture and sale of SBMI's spicy beverage product, and seek damages and injunctive relief.

49.     In the State Court Trade Secrets Action, SBMI, Murkijanian, and Premier, have denied the material allegations made by NCBI and Monugian.

50.     An actual and justiciable controversy, within the meaning of 28 U.S.C. § 2201, exists between Defendants NCBI and Monugian on the one hand and Plaintiffs on the other hand concerning the merits of Defendants' claim of trade secrets misappropriation and Plaintiffs' defenses thereto, including but not limited to within the State Court Trade Secrets Action.

51.     Plaintiffs are entitled to a declaratory judgment that they are not liable for trade secret misappropriation.

### PRAYER FOR RELIEF

Plaintiffs respectfully request judgment in their favor and against Defendants as follows:

1.     Declaring that the claim of the '681 Patent is invalid;

2.     Declaring that the claim of the '035 Patent is invalid;

3.     Declaring that the claim of the '681 Patent is unenforceable as a result of inequitable conduct;

4.     Declaring that the claim of the '035 Patent is unenforceable as a result of inequitable conduct;

5.   Finding this an "exceptional" case under 35 U.S.C. § 285 and awarding Plaintiffs their expenses, costs and attorneys' fees;

6.   For an injunction barring Defendants from asserting exclusive rights to manufacture and sell spicy beverage cups based Defendants' claims under upon the '681 Patent and the '035 Patent.

7.   Declaring that Plaintiff is not liable for trade secret misappropriation.

8.   For an award of costs and attorney's fees as allowed by law.

9.   Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Gregg A. Rapoport
Attorney For Plaintiffs
SPICY BEER MIX, INC., GREGORY
MURKIJANIAN, SR., and
PREMIER FOODS, LLC

US00D652681S

(12) **United States Design Patent** (10) **Patent No.:** **US D652,681 S**

Monugian (45) **Date of Patent:** ** **Jan. 24, 2012**

(54) **BEVERAGE HOLDER**

(76) Inventor: **Ricky D. Monugian**, Ontario, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/372,035**

(22) Filed: **Oct. 6, 2010**

(51) **LOC (9) Cl.** ................................................ **07-01**
(52) **U.S. Cl.** ..................................................... **D7/510**
(58) **Field of Classification Search** ................... D7/510,
D7/511, 500, 532, 900; 215/121, 382, 388,
215/387; 220/674, 715, 713, 718, 592.16,
220/592.17, 709, 708; D9/551, 529
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

2,782,614 A * 2/1957 Currie ............................ 220/718
6,202,877 B1 * 3/2001 La Torre et al. ............ 220/254.1
D466,371 S * 12/2002 Parker ............................ D7/510
D472,101 S * 3/2003 Janky ............................ D7/532
D535,151 S * 1/2007 Seum et al. .................... D7/510
D586,182 S * 2/2009 Trombly ........................ D7/510
D622,546 S * 8/2010 Bodum ......................... D7/510
D639,166 S * 6/2011 Carreno ........................ D9/504

* cited by examiner

*Primary Examiner* — Cynthia Underwood

(57) **CLAIM**

The ornamental design for a beverage holder, as shown and described.

**DESCRIPTION**

FIG. **1** is a Perspective view of a beverage holder showing my new design;
FIG. **2** is a front view of my new design illustrated in FIG. **1**; the rear view of my new design is the mirror image of the front view;
FIG. **3** is a top view thereof; and,
FIG. **4** is a bottom view thereof.
The broken lines represent portions of the environment and form no part of the claim.

**1 Claim, 4 Drawing Sheets**



FIG.1



*FIG.2*



*FIG.3*



*FIG. 4*



US00D682035S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D682,035 S**

Monugian    (45) **Date of Patent:**    ** **May 14, 2013**

(54) **BEVERAGE HOLDER**

(76) Inventor:    **Ricky D. Monugian**, Ontario, CA (US)

(**) Term:    **14 Years**

(21) Appl. No.: **29/395,023**

(22) Filed:    **Nov. 10, 2011**

(51) **LOC (9) Cl.** ................................................ **07-01**
(52) **U.S. Cl.**
       USPC ........................................... **D7/523**
(58) **Field of Classification Search** .................. D7/528,
             D7/526, 525, 530, 531, 532, 300, 300.2, 533,
                   D7/510, 523, 507, 511, 509; 220/592.17,
                        220/592.16, 495.03; 426/88
       See application file for complete search history.

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D488,672 | S | * | 4/2004 | Oas ................................. D7/507 |
| D489,501 | S | * | 5/2004 | Dretzka ........................... D34/1 |
| D554,822 | S | * | 11/2007 | Dretzka ........................... D34/1 |
| D561,535 | S | * | 2/2008 | Jin ................................. D7/531 |
| D581,738 | S | * | 12/2008 | Bodum ............................. D7/523 |
| D582,724 | S | * | 12/2008 | Dretzka ........................... D7/523 |
| D640,094 | S | * | 6/2011 | Carlson et al. .................. D7/510 |

| | | | | |
|---|---|---|---|---|
| D648,985 | S | * | 11/2011 | Chiu et al. ..................... D7/510 |
| D652,681 | S | * | 1/2012 | Monugian ......................... D7/510 |
| D655,982 | S | * | 3/2012 | Liu ................................. D7/509 |

* cited by examiner

*Primary Examiner* — George D Kirschbaum
*Assistant Examiner* — Janice Hallmark

(57)    **CLAIM**

The ornamental design for a beverage holder, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a beverage holder showing my new design;
FIG. **2** is a front view of my new design illustrated in FIG. **1**; the rear view of my new design is the mirror image of the front view;
FIG. **3** is a top view thereof; and,
FIG. **4** is a bottom view thereof.
The broken line showing in FIG. **4** of the bottom of the beverage holder is included for the purpose of illustrating portions of the Beverage Holder and forms no part of the claimed design.

**1 Claim, 4 Drawing Sheets**



FIG.1



**U.S. Patent**          May 14, 2013          Sheet 2 of 4          US D682,035 S

*FIG. 2*



*FIG.3*



*FIG. 4*



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and the assigned Magistrate Judge is _____ John E. McDermott _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-720-ODW(JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 30, 2014

Date

By  C. Sawyer

Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

SPICY BEER MIX, INC. a California corporation,
GREGORY MURKIJANIAN, SR., an individual, and
PREMIER FOODS, LLC,

*Plaintiff(s)*

v.

NEW CASTLE BEVERAGE, INC., a California
corporation, and RICKY D. MONUGIAN, an
individual,

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)

**CV14-720** obw (emx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:   Gregg A. Rapoport, Esq. - Law Offices of Gregg A. Rapoport APLC
135 W. Green St., Ste. 100, Pasadena, CA 91105
and
Constance R. Lindman (pro hac vice application pending)
SmithAmundsen LLC - 201 North Illinois Street, South Tower, 16th Floor
Indianapolis, Indiana 46204

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

CLERK OF COURT

CHRIS SAWYER

Date: 1 — 30 - 14

_____
*Signature of Clerk or Deputy Clerk*



### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| SPICY BEER MIX, INC. a California corporation, GREGORY MURKIJANIAN, SR., an individual, and PREMIER FOODS, LLC | NEW CASTLE BEVERAGE, INC., a California corporation, and RICKY D. MONUGIAN, an individual |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Gregg A. Rapoport, Law Offices of Gregg A. Rapoport, APLC, 135 W. Green St., Ste. 100, Pasadena, CA 91105, (626) 585-0155 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Judgment - 28 U.S.C. § 2201 for Patent Invalidity, Inequitable Conduct (patent), Trade Secret Misappropriation (Cal. Civ. Code § 3426 et seq., Injunctive Relief - Cal. Bus. & Prof. Code § 17200

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | **CV14-720** |
|---|---|---|

CV-71 (11/13)                  CIVIL COVER SHEET                  Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?    ☐ NO    ☒ YES

If yes, list case number(s):    13-CV-02055 SJO(JEMx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE:    January 30, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |